E. J. OSBURN *v.* BOARD OF SUPERVISORS OF HINDS COUNTY.

1. CHANCERY COURT. *Jurisdiction. Code* 1892, § 4147. *Sixteenth section.*

Under § 4147, code 1892, giving to any person *interested* the right, on fail-
ure of duty as to that by the board of supervisors, to institute suits in
respect to the title of the county to sixteenth section school lands, the
interest referred to is that of a citizen in the civil subdivision in the as-
sertion of the rights of the public, and not the interest of an owner or
lessee of the lands. One interested as owner or lessee cannot, under this
section, bring the suit in his own behalf.

2. SAME. *Confirming title. Code* 1892, § 499.

But a leaseholder of sixteenth section school lands, who is in possession,
the lease-money having been paid, may, under § 499, code 1892, file a
bill against the county to confirm his title, and have fixed by decree
the time of expiration of the lease, and this although the county makes
no assertion of an adverse claim.

3. CHANCERY PRACTICE. *Disclaimer. Relief. Costs.*

Where such a bill is filed, and the county answers, disclaiming all interest,
relief should nevertheless be granted, confirming complainant's title at
his cost.

FROM the chancery court of the second district of Hinds
county.

HON. H. C. CONN, Chancellor.

Appellant filed her bill against appellee in the court below
November 25, 1892, alleging that she was the owner of a
leasehold interest in certain sixteenth section school land;
that said land had been, in 1848, duly leased for a term of
ninety-nine years, and that the notes given in consideration
thereof had been fully paid; that said leasehold interest had

been conveyed to complainant, and that she and those under and through whom she claimed had been in the continuous possession of said land since the execution of the lease, claiming thereunder.

She further alleged that the board of supervisors made some claim of title to the land. The prayer was that the board should be required to answer the bill, and, on final hearing, that the court would decree that her lease was duly and legally made, that the purchase-money had been paid, and for confirmation of her title.

The defendant answered the bill, admitting its allegations and disclaiming any interest in the land, and praying to be dismissed. The cause was set down for final hearing, and a decree was entered dismissing the bill and taxing complainant with costs, from which she appeals.

*E. E. Baldwin*, for appellant.

Section 4144, code 1892, provides that the board of supervisors shall have the title of sixteenth section lands inquired into and confirmed. Section 4147 provides that the board shall, or any interested person may, prosecute all suits necessary to establish and confirm the title to such lands, and to fix the expiration of any lease of the same. In many instances officials have executed documents purporting to convey these lands, and showing payment of the purchase-money when the same had never been paid. It was the object of chapter 123 of the code of 1892 to provide for an inquiry into the status of each tract, in order to determine whether it had been leased, and, if so, whether the purchase-money had in fact been paid. The enactment of this statute placed a cloud upon the title of all sixteenth section lands, which could only be removed by a judicial investigation in the chancery court. The owner is not obliged to await action by the county. It might defer action until important evidence for the owner was lost through the death of witnesses or otherwise. Therefore the owner has a right to file a bill

for the confirmation of the lease and to fix the date of its expiration, as provided by § 4148 of the code.

It does not lie in the mouth of the board to say that it makes no claim to such land, and therefore that the title shall not be investigated. The court should enter a decree confirming the lease and fixing the date of its termination.

*Jayne & Ward*, for appellee.

The bill shows that complainant has a perfect title to her leasehold. The record under which she claims is complete. The land was duly leased and the purchase-money paid. Had the legislature attempted to set up a claim to land situated as this is, the act would have been unconstitutional, as being an attempt to interfere with an executed contract. But the legislature made no such attempt. Section 4147 of the code authorizes only necessary suits concerning school lands. This suit was not necessary, and the bill was properly dismissed. Were this suit necessary, there would have to be about two hundred and twenty-five other like suits in Hinds county, where the titles are clear and the record shows that the law has been complied with.

Argued orally by *E. E. Baldwin*, for appellant.

WOODS, J., delivered the opinion of the court.

Section 4147, code 1892, did not authorize the institution of this proceeding. By this section of the code it is made the duty of the board of supervisors to institute and prosecute to effect, in the proper chancery court, all necessary suits to establish and confirm in itself, as representative of the county, the title of the sixteenth section lands, and to fix the date of the expiration of any lease of the same; and in the event of the board of supervisors failing or refusing to discharge this duty, then the *privilege* is conferred upon any person interested—interested as a citizen in the civil subdivision in the assertion of the rights of the public in such

lands and leases—to do what the board of supervisors should have done. The *interested* person referred to in this section of the code is not one interested as owner or lessee of such lands.

But this bill was properly filed, and was perfectly maintainable under § 499 of the code. By this section the owner in possession of any land, or the owner out of possession, if there is no adverse occupancy, may file a bill for confirmation of his title. When the board of supervisors filed its answer to complainant's bill, disclaiming any title to the lands adverse to complainant's leasehold estate, and admitting her title as asserted by her in her bill, the board should have been dismissed on this answer; but complainant should have had confirmation of her title, as prayed by her, but at her cost, of course. The county, disclaiming any title adverse to hers, and otherwise admitting all the allegations of the bill, could not be taxed with the costs, for the county was not her unsuccessful opponent in the litigation.

The decree was erroneous in not confirming the complainant's title and taxing her with all costs, and it will be reversed and the proper decree will be entered here.

*Reversed.*